**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| **EDWIN PEREZ NICOT,** | **CASE NO. 2:26-CV-298-KKC** |
| **Petitioner,** | |
| **v.** | **OPINION and ORDER** |
| **MARKWAYNE MULLIN, secretary of the U.S. Department of Homeland Security, et al.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Petitioner Edwin Perez Nicot's petition for writ of habeas corpus under 28 U.S.C. § 2241. (R. 1.) For the following reasons, the Court will deny his petition.

## I.   FACTUAL BACKGROUND

Petitioner is a citizen of Cuba. (R. 1 at 1.) On or about October 18, 2022, Petitioner entered without inspection and was apprehended by Border Patrol.  (R. 4 at 1.) On October 11, 2022, Petitioner was served a "Notice to Appear" (NTA), charging Petitioner removable under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*) On or about September 17, 2025, Petitioner was arrested by local police for DUI, and he blew a .211, indicating severe intoxication. (*Id.*) As a result, on September 17, 2025, Petitioner was served with a "Warrant for Arrest of Alien" and taken into custody by ICE. (*Id.*)

On December 3, 2025, Petitioner, was ordered removed from the United States by the Immigration Court. (*Id.*) Petitioner appealed this decision to the BIA where it is currently pending. (*Id.*) On December 8, 2025, Petitioner was provided with a bond hearing before the Immigration Court, and the Court denied bond on the merits, finding Petitioner both a

danger and a flight risk. (*Id.*) Petitioner had until January 2, 2026, to appeal this bond decision to the BIA, and he did not do so. (*Id.*) Petitioner is currently detained at the Kenton County Detention Center. (*Id.*)

On July 17, 2026, Petitioner filed this petition for writ of habeas corpus. (R. 1.) Arguing that his prolonged detention violates the Fifth Amendment's Due Process Clause, Petitioner seeks his immediate release from custody, or, in the alternative, requests "within seven days a new custody hearing before a neutral Immigration Judge." (R. 1 at 12.)

## II.  ANALYSIS

Petitioner alleges that his "prolonged detention" deprives him of the rights afforded by the Due Process Clause of the Fifth Amendment. (R. 1 at 8–9.)

### A.  Writ of Habeas Corpus

At its core, the writ of habeas corpus provides "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). And this relief is available to "every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). A district court may grant a writ of habeas corpus to any person who shows that she is detained within the Court's jurisdiction in violation of the Constitution or the laws and treaties of the United States. 28 U.S.C. § 2241(c)(3). In making such a showing, "the petitioner 'has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation.'" *Caver v. Straub*, 349 F.3d 340, 351 (6th Cir. 2003) (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)). The Supreme Court has recognized that habeas relief extends to noncitizens. *See Rasul v. Bush*, 542 U.S. 466, 483 (2004) ("[Alien] Petitioners contend that they are being held in federal custody in violation of the laws of the United States . . . Section 2241, by its terms, requires nothing more.").

### B. Petitioner is Detained Under 8 U.S.C. § 1226(a)

8 U.S.C. § 1226 authorizes the government to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States. Under this provision, the government "may continue to detain the arrested alien" or may release them on bond or conditional parole. § 1226(a)(1), (2). The Parties concede that this provision controls. (R. 1 at 7; R. 4 at 2.) 1 The Court likewise finds that Petitioner is subject to the discretionary detention provisions of § 1226.

### i. Jurisdiction

Because § 1226 applies, Petitioner is subject to § 1226(e). Subsection (e) provides that, "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." Although the text of the statute refers to the Attorney General, Congress has empowered the Secretary of Homeland Security to enforce the INA. *See, e.g.*, *Nielsen v. Preap*, 586 U.S. 392, 398 n.2 (2019) (citations omitted).

The Government argues that this Court lacks jurisdiction under § 1226(e) to review the Immigration Judge's (IJ) discretionary decision. (R. 4 at 3.) It alleges that Petitioner is simply attempting to use habeas as a collateral attack on the underlying administrative adjudication. (*Id.*) This, the Government argues, is impermissible "forum shopping." (*Id.*)

However, the Supreme Court has recognized that district courts retain jurisdiction to hear habeas petitions concerning issues that are collateral or ancillary to removal proceedings. *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018) ("Section 1226(e) does not preclude challenges to the statutory framework that permits [an] alien's detention without bail.") (quotations omitted) (citing *Demore v. Kim,* 538 U. S. 510, 516 (2003)). Moreover, habeas relief is available under 28 U.S.C. § 2241 where a person is "in custody in violation of

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This provision therefore confers jurisdiction on federal courts to review noncitizens' claims challenging the constitutionality of their detention during the pendency of removal proceedings. *See Demore*, 538 U.S. at 517 ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail.")

Petitioner's argument is that his prolonged detention violates his Fifth Amendment rights. Accordingly, such constitutional claims are within the Court's jurisdiction. *See generally id.*

### ii. Procedural Due Process: Prolonged Detention and *Mathews* Test

8 U.S.C. § 1226(a) authorizes the Attorney General to arrest and detain aliens "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). It also authorizes the Attorney General, in his discretion, to release such aliens on bond or conditional parole. *Id.* Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing, wherein the detainee is given an opportunity to demonstrate by a preponderance of the evidence that he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." 8 C.F.R. §§ 236.1(d)(1), 1003.19. The detainee may also appeal an adverse decision to the BIA. 8 C.F.R. § 236.1(d)(3). Even further, a detainee may also request an additional bond hearing if there are changed circumstances. 8 C.F.R. § 1003.10(e).

Courts in this circuit have considered procedural due process challenges to § 1226(a) detention under the test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1967). *See e.g. Cerimovic v. Byers*, Civil Action No. 2: 24-026-DCR, 2024 U.S. Dist. LEXIS 154071 at * 22 (E.D. Ky. May 8, 2024) ("this Court sees neither the justification nor the authority to depart

4

from the *Mathews* test, which has been consistently applied when reviewing procedural due process claims.).

Under the *Mathews* test, the Court must weigh: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews,* 424 U.S. at 335. Petitioner argues that these factors weigh in his favor. (R. 1 at 8–9.)

### 1. Petitioner's Interest

It is undisputed Petitioner has a significant private interest in not being detained. One of the "most elemental of liberty interests" is to be free from detention. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the very liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

But, as noted by the Ninth Circuit, "it is important not to overstate the strength of [Petitioner's] showing under the first *Mathews* factor . . ." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). "In evaluating [Petitioner's] interests under the first prong of the *Mathews* analysis, [the Court] cannot simply count his months of detention and leave it at that." *Id.* Instead, the Court "must also consider the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order." *Id.* Petitioner received a bond hearing on the merits and had the ability to retain counsel and present evidence. He was and is able to have a bond redetermination hearing if he can show changed circumstances. Importantly,

5

the length of Petitioner's detainment (approximately eleven months), is in large part due to his own appeal to the BIA. With this relevant context in mind, the first *Matthews* factor slightly favors Petitioner.

### 2.  Risk of Error

The second factor to balance is "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. The risk of erroneous deprivation in this case is low. Petitioner has already been ordered removed by the immigration court. He has received a bond hearing on the merits, and his appeal is pending with the BIA. The IJ determined to deny bond because he was a danger and flight risk to the community based on evidence of his DUI arrest and removal order. Petitioner also exercised his rights under 28 U.S.C. § 2241. Because Petitioner's detention is subject to multiple levels of review before independent decisionmakers, the risk of erroneous deprivation is minimal. *See Rodriguez Diaz,* 53 F.4th at 1210. Accordingly, the second factor weighs in favor of the United States.

### 3.  United States' Interest

The final *Matthews* factor concerns the United States' interest in the procedure, as well as any financial or administrative burdens associated with permissible alternatives. *Matthews*, 424 U.S. at 335. The United States has a strong interest in preventing aliens from "remain[ing] in the United States in violation of our law." *Demore v. Kim*, 538 U.S. 510, 516 (2003). The Court also recognizes that the United States has a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings. *See Ramirez-Mendez v. Olson,* No. 26-17-DLB, 2026 LX 130764 at *12 (E.D. Ky. Apr. 2, 2026).

The Supreme Court has instructed that, in a *Mathews* analysis, courts "must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Rodriguez Diaz,* 53 F.4th at 1208 (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)). "This is especially true when it comes to determining whether removable aliens must be released on bond during the pendency of removal proceedings." *Id*. By detaining such aliens, the government "seeks to 'increas[e] the chance that, if ordered removed, the aliens will be successfully removed.'" *Id*. (quoting *Demore*, 538 U.S. at 528). This factor significantly favors the United States.

The weight of the *Mathews* factors favors the United States. Accordingly, his detention under 1226(a) does not violate his procedural due process rights.

### iii. Substantive Due Process

It is not clear whether Petitioner challenges his detention on substantive due process grounds. His writ focuses on the *Mathews* test and procedural due process. (*See* R. 1 at 8.) Even assuming Petitioner raises such an argument, substantive due process protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dept of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). Individuals unlawfully present in the United States possess due process rights, but those rights are not co-extensive with the due process rights of citizens and exist within the bounds set by rule and statute as "the through line of history is recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Id*. at 911–12. Detention for the limited period of removal proceedings does not violate substantive due process. *Demore v. Kim*, 538 U.S. 510, 523 (2003) (acknowledging "this Court's longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their

7

removal proceedings"). Furthermore, "[i]n immigration cases … federal courts apply a much more deferential standard of review to substantive due process challenges even where the immigration law interferes with a plaintiff's fundamental rights." *Bangura v. Hansen*, 434 F.3d 487, 494–95 (6th Cir. 2006) (citing *Fiallo v. Bell*, 430 U.S. 787, 798–99 (1977)). Immigration statutes should be upheld "so long as they are 'conceivably related to the achievement of a federal interest.'" *Id.* at 495 (quoting *Almario v. Att'y Gen.*, 872 F.2d 147, 152 (6th Cir. 1989)). "This standard may be even lower than rational basis review." *Id.* (citing *Fiallo*, 430 at 798–99).

Petitioner's detention is directly related to the United States' interest in maintaining its immigration laws. Petitioner was detained for violating the laws of the United States and has received a constitutionally-adequate bond hearing. His continued detention pending a BIA decision does not violate his substantive due process rights.

## III.  CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS that Petitioner's writ of habeas corpus (R. 1) under 28 U.S.C. § 2241 is DENIED.

This 4th day of August, 2026.

Signed By:

*Karen K. Caldwell*

United States District Judge